**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| William J. Wood,<br><br>Plaintiff,<br>v.<br><br>Brian Holz and Larry Schwartz,<br><br>Defendants. | Case No. 2:24-cv-5524-RMG<br><br>**ORDER AND OPINION** |

Before the Court is Defendant Larry Schwartz's motion for summary judgment. (Dkt. No. 61). Also before the Court is Plaintiff's motion for summary judgment against both Schwartz and Defendant Brian Holz. (Dkt. No. 72). For the reasons stated below, the Court grants Schwartz's motion and denies Plaintiff's motion.

**Background**

Plaintiff sues Holz and Schwartz under the S.C. Payment of Wages Act (SCPWA) for unpaid wages. (Dkt. No. 64 at 6). Plaintiff worked for Mangata Networks, Inc. as its Chief Technology officer. Schwartz was Chief Operating Officer of Mangata during the time for which Plaintiff was not paid wages. (Dkt. No. 61-1 at 2). Holz was CEO. (Dkt. No. 63 at 1).

Schwartz moves for summary judgment on Plaintiff's SCPWA claim against him. (Dkt. Nos. 61, 65). Plaintiff opposes. (Dkt. No. 64).

For his part, Plaintiff moves for summary judgment on his claims against each defendant. (Dkt. No. 63, 72). Defendants oppose the motion. (Dkt. Nos. 70, 71).

Both motions are fully briefed and ripe for disposition.

## Legal Standard

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party seeking summary judgment has the burden of identifying the portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, [which] show that there is no genuine issue as to any material fact and that the moving part is entitled to a judgement as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 & n.4 (1986) (citing Rule 56(c)). The Court interprets all inferences and ambiguities against the movant and in favor of the non-moving party. *U.S. v. Diebold*, Inc., 369 U.S. 654, 655 (1962). Where the moving party has met its burden to put forth sufficient evidence to demonstrate there is no genuine dispute of material fact, the non-moving party must come forth with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing Rule 56(e)). An issue of material fact is genuine if the evidence is such that a reasonable jury could return a verdict in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

## Discussion

The SCPWA, found in sections 41–10–10 to –110 of the South Carolina Code, defines "employer" as "every person, firm, partnership, association, corporation, receiver, or other officer of a court of this State, the State or any political subdivision thereof, and any agent or officer of the above classes employing any person in this State." S.C. Code Ann. § 41–10–10(1). It also defines "wages" as "all amounts ... which are due to an employee under any ... employment contract." S.C. Code Ann. § 41–10–10(2). Section 41–10–40 generally requires an employer to

timely pay all wages due, and section 41–10–50 provides that when an employer discharges an employee, it must timely pay him all wages due. S.C. Code Ann. §§ 41–10–40, 50.

"In *Dumas v. InfoSafe Corp.*, 320 S.C. 188, 195, 463 S.E.2d 641, 645 (Ct. App. 1995), [the South Carolina Court of Appeals] interpreted the Act, and held the legislature intended to impose individual liability on agents or officers of a corporation who knowingly permit their corporation to violate the Act." *Allen v. Pinnacle Healthcare Sys., LLC*, 394 S.C. 268, 273, 715 S.E.2d 362, 365 (Ct. App. 2011). "To hold otherwise would require us to ignore the words 'and any agent or officer of the above classes.' " *Dumas*, 463 S.E.2d at 645. "[T]he South Carolina Payment of Wages Act is remedial legislation designed to protect working people and assist them in collecting compensation wrongfully withheld." *Id.*

Relevant in *Dumas*, the defendant corporation's president applied, with the employee plaintiff's help, for an SBA loan and represented to the plaintiff that "a portion of the proceeds would be used to pay back wages." *Id.* at 643 (noting plaintiff continued working "[i]n reliance on [president's] assurances . . . without pay"). Further, when the company received the SBA loan, the defendant president ignored the plaintiff's repeated demands for payment, instead "us[ing] the loan proceeds to repay loans he and his wife extended to" the company. *Id.* On these facts, the Court of Appeals reversed the trial court's dismissal of the president defendant and directed the entry of judgment against him individually. *Id.* at 645.

In *Allen*, the Court of Appeals affirmed in part and reversed in part a master's order finding three individuals were personally liable to the plaintiff for unpaid wages. The court affirmed as to defendants Robert Gunn and Joyce, both members of defendant Pinnacle Healthcare Systems, LLC. 715 S.E.2d at 363, 366. As to Robert Gunn and Joyce, evidence showed both individuals handled finances and payroll and that both received a letter from plaintiff's attorney demanding

unpaid wages. *Id.* at 366-67. Despite receiving this letter, the evidence further showed that Joyce "and Robert Gunn decided to leave the company because it was in financial trouble [and] . . . never told the employees they were leaving or [that] they might not be paid their wages." *Id.* 366. In sum, the Court of Appeals agreed with the master that evidence existed from which to find Robert Gunn and Joyce "knew that [plaintiff] was not getting paid and knowingly failed to pay [him] his wages in violation of the" SCPWA. *Id.* (noting Gunn and Joyce "had an obligation to advise the employees who were working and not getting paid that they may not get paid so they would not continue working without the payment of wages").

Schwartz argues that *Dumas* and *Allen* require Plaintiff show "some degree of personal misconduct" and that, here, no such evidence exists. (Dkt. No. 61-1 at 6, 8-9). The Court agrees.

Even reading all facts in a light most favorable to Plaintiff, the nonmoving party, the Court grants Schwartz's motion for summary judgment and denies Plaintiff's motion for summary judgment as to Schwartz. True, Schwartz was an officer and director of Mangata, making him a potential "employer" under the SCPWA. But Plaintiff admits he knew the company was experiencing money troubles, and more importantly, puts forth no evidence that Schwartz "knowingly permit[ted]" Mangata to violate the SCPWA in the sense contemplated by the pertinent case law. *Dumas*, 463 S.E.2d at 645 (company president liable under SCPWA where he mispresented to plaintiff SBA loan would be used to pay unpaid wages and plaintiff relied on those representations); *Allen*, 715 S.E.2d at 366-67 (describing how Robert Gunn and Joyce left company due to financial troubles but never told plaintiff they were leaving or that he might "not be paid [his] wages"); (Dkt. No. 61-1 at 3) (admitting Plaintiff was fully aware company could not make payroll due to lack of B round funding). No facts exist here showing Schwartz knowingly "permitted" Mangata to not pay Plaintiff's wages. *See Dumas*, 463 S.E.2d at 645 (noting "the

South Carolina Payment of Wages Act is remedial legislation designed to protect working people and assist them in collecting compensation wrongfully withheld"); *Allen*, 715 S.E.2d at 366 (noting Robert Gunn and Joyce "had an obligation to advise employees who were working and not getting paid that they may not get paid so they would not continue working without the payment of wages"). In sum, Plaintiff's case is not analogous to either *Allen* or *Dumas*. Schwartz is entitled to summary judgment on Plaintiff's claim against him, and Plaintiff's motion for summary judgment on the same is denied.

Further, for the same reasons, the Court denies Plaintiff's motion as to Holz. By Plaintiff's own admission, at most he can show that "Holz knew Mangata could not make payroll; personally advised employees of the partial payment; represented that Mangata would catch up payroll if financing closed; and permitted Mangata to continue accepting Wood's services for several months while pursuing that financing." Reply, (Dkt. No. 72 at 4); (Dkt. No. 71 at 4-11) (detailing Plaintiff's longstanding knowledge of Mangata's money troubles); *see generally* (Dkt. No. 71) (not disputing same). These facts, even read in a light most favorable to Plaintiff, do not entitle him to summary judgment under *Dumas* and *Allen*. Accordingly, Plaintiff's motion as to Holz is denied.

**Conclusion**

For the reasons stated above, the Court **GRANTS** Schwartz's motion for summary judgment (Dkt. No. 61) and **DENIES** Plaintiff's motion for summary judgment (Dkt. No. 63).

**AND IT IS SO ORDERED.**

_s/ Richard Mark Gergel_______
Richard Mark Gergel
United States District Judge

October 1, 2026
Charleston, South Carolina